IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JIM ELLIOTT,<br><br>　　　　Plaintiff,<br><br><br>　　　　vs.<br><br><br>BOARD OF EDUCATION OF THE NEBO SCHOOL DISTRICT,<br><br>　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br><br><br><br><br>Case No. 2:11-CV-222 TS |

　　　　This matter is before the Court on Plaintiff's Motion to Remand.[1] Defendant has not responded to the Motion. For the reasons stated below, the Court will grant the Motion.

　　　　This matter was removed from the Utah state court system on March 3, 2011, on the grounds of federal question jurisdiction. One of the claims in the Complaint was based on 42 U.S.C. § 1983. On March 10, 2011, Plaintiff filed an Amended Complaint which deleted the

---

[1]Docket No. 8.

1

§ 1983 claim.[2] All of the claims in the Amended Complaint are based on Utah law or the Utah Constitution. Defendant consented in writing to the filing of the Amended Complaint.[3]

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction."[4] A case arises under federal law if "a well-pleaded complaint establishes either that the federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[5]

A court has supplemental jurisdiction over state-law based claims included in a complaint that form part of the same case or controversy as the federal question claim.[6] If all federal claims are dismissed from a lawsuit, then the court has discretion whether to exercise supplemental jurisdiction over the remaining claims.[7] Similarly, if a plaintiff amends her complaint to no

---

[2] Docket No. 7.

[3] Docket No. 6; *see also* Fed.R.Civ.P. 15(a)(2) (permitting the filing of amended pleadings if the opposing party consents in writing).

[4] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[5] *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

[6] 28 U.S.C. § 1367(a).

[7] *Id.* at § 1367(c)(3); *Henderson v. Nat'l R.R. Passenger Corp.*, 2011 U.S. App. Lexis 207, at *5-9 (10th Cir. 2011) (holding that 28 U.S.C. § 1447 does not apply in instances where all federal claims are dismissed after removal, but rather § 1367 applies and the court has discretion to exercise supplemental jurisdiction or remand the case).

longer contain federal claims, the court has discretion whether to exercise supplemental jurisdiction over the claims pleaded in the amended complaint.[8]

In this matter, there was a federal claim at the time of removal, but there are no longer any federal claims. Thus, the Court has the discretion to exercise supplemental jurisdiction, remand the case, or dismiss the case without prejudice. The Court chooses to remand the case as requested by Plaintiff. It is hereby

ORDERED that Plaintiff's Motion to Remand (Docket No. 8) is GRANTED. The Clerk of the Court is instructed to remand this action to the Fourth District Court, Utah county, State of Utah, and the Clerk shall close this case.

DATED   April 26, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8] *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002).